**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC THOMAS MYERS, | ) | |
| Petitioner, | ) | Civil Action No. 10-277 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**[1]

Pending before the Court is Petitioner Eric Thomas Myers' petition for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2241. He challenges a judgment of sentence imposed by the U.S. District Court for the Western District of Virginia on November 17, 2004.

For the reasons set forth below, the Court must dismiss the petition with prejudice.

**I.**

**A.    Relevant Background**

On November 17, 2004, following a guilty plea, the U.S. District Court for the Western District of Virginia sentenced Myers to a total term of 152 months imprisonment, followed by 5 years of supervised release, for two counts of Pharmacy Robbery and one count of Possessing/Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 2118(a), 2118 (c)(1) and 924(c)(1). He did not pursue a direct appeal.

In the instant petition, Myers claims that "the district court imposed the aggregate sentence premised upon the erroneous account that he had two (2) prior convictions in West Virginia" because his

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

plea agreement indicated that "his plea would constitute only a single conviction for 'recidivist purposes.'" [Petition, ECF No. 5 at 4; Brief, ECF No. 6 at 3-4]. He also claims that he is actually innocent of the sentence imposed because the district court failed to recognize that his two state convictions were designated as one conviction for recidivism purposes. [Petition, ECF No. 5 at 6; Brief, ECF No. 6 at 13-15]. In his final claim, he contends that the district court erred in enhancing his sentence for possession of a weapon in furtherance of a crime of violence. [Petition, ECF No. 5 at 7]. As relief, he seeks an order from this court vacating his sentence and directing that he be immediately released. [Petition, ECF No. 5 at 10; Brief, ECF No. 6 at 18].

### 1.    Myers' Previous § 2241 Petitions

On September 10, 2008, Myers filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the U.S. District Court for the District of Arizona. (See ECF No. 7 in Myers v. Apker, No. 4:08-cv-407 (D.Az.) (available on PACER)). Myers admits that the § 2241 petition that he filed in that case and the § 2241 petition that he has filed in this case are "basically [the] same." [Petition, ECF No. 5 at 2].

On October 15, 2008, the District Court for the District of Arizona issued an Order dismissing Myers' amended § 2241 petition for lack of jurisdiction. It determined that his claims were properly addressed under § 2255 and that Myers "failed to meet the burden of showing that the remedy under § 2255 is inadequate or ineffective":[2]

---

[2]    Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. See id.; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999); Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999); Tripati [v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)]. The § 2255 remedy is inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008), cert. denied, ___ U.S. ___ (U.S. Oct. 6, 2008) (quoting Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006)). In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61).

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. McGhee [v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)]; Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner claims that the remedy under § 2255 is inadequate or ineffective because he "solely depended during the original [trial] on the advice and practice of [his] attorney" and because "time has expired for the 2255." Although Petitioner is apparently barred from raising these issues because of the one-year statute of limitations, that bar does not make the § 2255 remedy inadequate or ineffective. See Charles, 180 F.3d at 758 ("[T]he § 2255 remedy is … not undermined simply because [Petitioner] has allowed the one-year statute of limitations to expire."). Moreover, although Petitioner has used the phrase "actually innocent" in Ground One, he does not satisfy the requirements for showing that a § 2255 remedy is inadequate or ineffective. To fall within that exception, he would have to demonstrate that he is "factually innocent of the **crime** for which he has been convicted," Ivy, 328 F.3d at 1060 (emphasis added). Petitioner only alleges that he was innocent of the **enhanced sentence**. Additionally, Petitioner has failed to demonstrate that he did not have an unobstructed procedural shot at presenting those claims. See Harrison, 519 F.3d at 959-60 (upholding district court's conclusion that the

---

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

failure to raise issue was caused by petitioner's defaults and not caused by procedural obstructions because petitioner failed to raise the issue on direct appeal and was procedurally barred from raising claim in his initial § 2255 motion). Thus, Petitioner has failed to meet the burden of showing that the remedy under § 2255 is inadequate or ineffective.

Accordingly, Petitioner is precluded from raising his claims in a habeas petition pursuant to 28 U.S.C. § 2241. Because a § 2255 motion may be brought only in the sentencing court, the Court will dismiss the Amended § 2241 Petition and this case for lack of jurisdiction. See 28 U.S.C. § 2255(a); Tripati, 843 F.2d at 1163.

[Myers v. Apker, et al., No. 4:08-cv-407, slip op. 2-4 (D.Az. Oct. 16, 2008), Resp's Ex. 6, ECF No. 10-2 at 1-5 (emphasis in original)]. Myers did not appeal the court's decision.

In the meantime, on July 15, 2008, Myers had filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, this time with the U.S. District Court for the Western District of Virginia. (See ECF No. 1 in Myers v. United States, No. 7:08-cv-421 (W.D. Va.) (available on PACER)). On or around July 29, 2008, the court transferred the case to the District Court for the District of Arizona, since Myers was incarcerated within that district at the time. That court then dismissed the case because it was duplicative of the one that was pending before it at No. 4:08-cv-407. [Resp's Ex. 11, ECF No. 10-2 at 35-36].

### 2.    Myers' § 2255 Motions

On August 31, 2009, Myers filed with the District Court for the Western District of Virginia a "Nunc Pro Tunc Motion to Vacate, Set Aside, or Correct a Sentence," in which he raised at least three of the claims that he now raises in the § 2241 petition he filed with this Court. [Resp's Ex. 12, ECF No. 10-3 at 1-20]. On September 3, 2009, the court issued a "2255 Conditional Filing Order" stating that the motion appeared to be untimely but that Myers may either submit additional arguments and/or evidence concerning the timeliness of the motion or withdraw the motion without prejudice. [Resp's Ex. 13, ECF

4

No. 10-3 at 24-27].  Myers filed a response to the court's order in which he referred to his motion as a "direct appeal" and reiterated the claims in his motion.  [Resp's Ex. 14, ECF No. 10-3 at 29-36].

On November 17, 2009, the district court issued an Order in which it stated that it construed Myers' motion as one filed pursuant to § 2255.  It gave Myers the opportunity to object to this decision. [Resp's Ex. 15, ECF No. 10-3 at 37-41].  Myers next filed a Reply Brief/Notice of Leave to Amend Nunc Pro Tunc Motion in which he claimed ineffective assistance of counsel for failure to file an appeal. [Resp's Ex. 16, ECF No. 10-4 at 1-11].

On November 30, 2009, the District Court for the Western District of Virginia denied the § 2255 motion as untimely and denied a certificate of appealability.  [Resp's Ex. 17, ECF No. 10-4 at 12-15].

On February 9, 2011, Myers filed a "Motion to Compel Correction of PSI" with the District Court for the Western District of Virginia, which the court construed as a second § 2255 motion. Therein, Myers claimed once again that the district court failed to recognize that two of his prior state convictions were designated as one conviction for recidivism purposes.  [Resp's Ex. 18, ECF No. 10-4 at 16-18].  On February 24, 2011, the district court dismissed the motion as successive and denied a certificate of appealability.  [Resp's Ex. 19, ECF No. 10-4 at 19-24].

The U.S. Court of Appeals for the Fourth Circuit denied Myers' application to file a second or successive § 2255 petition on May 24, 2011.

**B.** **Discussion**

**1.**

The instant petition constitutes an abuse of the writ, as this case is the third habeas action that Myers has filed in which he improperly seeks relief from his judgment of sentence.  Thus, the petition is subject to dismissal under the abuse of the writ doctrine, described by the Supreme Court in McCleskey

v. Zant, 499 U.S. 467, 491-92 (1991).  See also Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Zayas v. Immigration & Naturalization Serv., 311 F.3d 247 (3d Cir. 2002).

The petition is also subject to dismissal under 28 U.S.C. § 2244(a), which provides that a petition for writ of habeas corpus filed under § 2241 should be dismissed if it raises issues that "either had been, or could have been, decided in" a previous habeas action.[3]  Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam).  As set forth above, the District Court for the Western District of Virginia dismissed Myers' § 2255 motion as untimely, and the District Court for the District of Arizona held that he did not show that § 2255 was an inadequate or ineffective remedy, which would have allowed him to bring his claims under § 2241.  Because Myers seeks to relitigate claims that have been previously dismissed, this Court must dismiss the instant petition.  Id.  See also Holland v. Holt, No. 11-2272, 2012 WL 698991, *2 (3d Cir. Mar. 6, 2012).

**2.**

The instant petition also must be dismissed because, as Respondent points out in the Answer [ECF No. 10], Myers may not pursue his claims under § 2241.  Section § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentences was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255.  Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence.  See, e.g., Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d

---

[3]     28 U.S.C. § 2244(a) provides: "No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255."

6

Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x 525, 526 (3d Cir. 2002); Briggs v. Levi, 275

F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Miller v. United States, 564 F.2d 103, 105 (1st Cir.

1977); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Brown v. Mendez, 167 F.Supp.2d 723,

726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the

exclusive remedy' to one in custody pursuant to a federal court conviction."), quoting Strollo v.

Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam).  In contrast, matters concerning the Bureau

of Prisons' execution of a federal prisoner's sentence are within the subject matter jurisdiction of the

court presiding in the district in which that federal prisoner is incarcerated.  See, e.g., McGee v.

Martinez, 627 F.3d 933 (3d Cir. 2010).  Such claims are properly brought in a petition for a writ of

habeas corpus under § 2241.  Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th

Cir. 2000).  A habeas corpus petition "is not an additional, alternative or supplemental remedy to

28 U.S.C. § 2255."  Myers v. Booker, No. 00-3232, 232 F.3d 902 (Table), 2000 WL 1595967, at *1

(10th Cir. Oct. 26, 2000).

Respondent is correct that this Court must dismiss the petition for want of subject matter

jurisdiction because Myers is challenging the validity of his sentence.  Accordingly, the issues raised in

the instant petition are not within the jurisdiction of this Court.

Myers asserts, as he did when he was litigating his first § 2241 petition before the District Court

for the District of Arizona, that he is entitled to pursue the instant habeas action in this Court because the

remedy under § 2255 is inadequate and/or ineffective.  As set forth above, that court concluded that

Myers "failed to meet the burden of showing" that that was the case. [Myers, No. 4:08-cv-407, slip op.

at 3-4, Resp's Ex. 6, ECF No. 10-2 at 2-5].  Myers does not articulate any persuasive reason to support

his contention that this Court should rule differently than the District Court for the District of Arizona.

As the Third Circuit has held, "[a] section 2255 motion is not 'inadequate or ineffective' merely because

the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam), citing Cradle, 290 F.3d at 539. See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is *extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law*." Id. at 856 (emphasis added), citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

Moreover, Myers' claims challenge his sentence, not his convictions, and the Third Circuit has explained that a federal prisoner cannot pursue such claims under § 2241:

> In Dorsainvil we held that § 2241 can be used to challenge a conviction for a crime that was negated by an intervening change in the law. 119 F.3d at 249. But such relief is available only in "rare situations" where *the crime of conviction was later deemed non-criminal*. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2241 is not available for intervening changes in the sentencing law. Id. For example, we did not allow Okereke to proceed under § 2241 because his argument was based on "Apprendi [which] dealt with sentencing and did not render ... the crime for which Okereke was convicted, not criminal." Id. at 120.[2]
>
> > [2] The Court of Appeals for the Eleventh Circuit has held that § 2241 applies even to sentencing claims, and therefore allowed an inmate in a position substantially similar to Kenney's to proceed to the merits of his claim. Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010). We reject that holding as contrary to Okereke.

8

United States v. Kenney, 391 F.App'x 169, 172 (3d Cir. 2010).

Based upon all of the forging, this Court does not have jurisdiction to consider the claims Myers raises in his petition and for that reason, in addition to the reasons set forth above, the petition must be dismissed.

## C.      Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

## II.

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed with prejudice.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC THOMAS MYERS,         )
        Petitioner,         )        Civil Action No. 10-277 Erie
                      )
        v.                    )
                      )        Magistrate Judge Susan Paradise Baxter
ARCHIE B. LONGLEY,        )
        Respondent.      )

## **ORDER**

AND NOW, this 12th day of April, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED WITH

PREJUDICE. The Clerk of Courts is hereby directed to close this case.


                     /s/ Susan Paradise Baxter
                     SUSAN PARADISE BAXTER
                     United States Magistrate Judge


cc:     Notice by ECF to counsel of record and by U.S. mail to Petitioner at his address of record